

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAY PADILLA, on behalf of himself and all others similarly situated, | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 11 C 7686 |
| COSTCO WHOLESALE CORP., | ) ) Judge John W. Darrah |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ray Padilla ("Padilla") filed an Amended Complaint against Costco Wholesale, Inc. ("Costco"), challenging the effectiveness of the dietary supplement glucosamine, which Costco sells in the Kirkland Signature™ Extra Strength Glucosamine HCL line of joint-health dietary supplements. Padilla's Amended Complaint alleges only one count against Costco, a violation of the Illinois Consumer Fraud Act (the "ICFA").

### BACKGROUND

The following facts are taken from Padilla's Amended Complaint and are accepted as true for purposes of resolving this Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Padilla is a resident of Cook County, IL. (Am. Compl. ¶ 17.) Costco is a Wisconsin corporation. (*Id.* ¶ 18.) This Court has federal jurisdiction pursuant to 28 U.S.C. § 1332. Costco distributes, markets, and sells the Kirkland Signature™ line of dietary supplements in stores and online. (*Id.* ¶¶ 18-20.) These Kirkland products include

Kirkland Signature™ Extra Strength Glucosamine HCL with MSM ("Glucosamine with

MSM") and Kirkland Signature™ Extra Strength Glucosamine/Chondroitin Sulfate

("Glucosamine Chondroitin") (together, the "Products"). (*Id.* ¶ 19.) "MSM" refers to

Methylsulfonylmethane. (*Id.* ¶ 24.)

     The Products convey the message to consumers that the effects of taking these

supplements include delivering optimum mobility while protecting and building cartilage.

(*Id.* ¶ 21.) Specifically, the Products' packaging and labeling represent that the ingredient

glucosamine, an amino sugar, is a "basic building block for cartilage, synovial fluid and

other connective tissues, which are needed for healthy structure and function of joints."

(*Id.* ¶ 22.) Regarding the ingredient chondroitin sulfate, a complex carbohydrate,

Glucosamine Chondroitin's packaging and labeling represents that it "protects existing

cartilage and serves as a building block for healthy new cartilage" and is "clinically

proven effective." (*Id.* ¶¶ 3, 23.) MSM, an organic sulfur, which is in Glucosamine with

MSM, is represented on the packaging and labeling as "a necessary component that

works in conjunction with Glucosamine to provide the building blocks of collagen, an

important component of healthy joints and connective tissue. Clinical research shows

MSM increases glucosamine's effectiveness."[1] (*Id.* ¶ 24.)

     Padilla alleges that although the packaging and labeling of the Products make

claims as to the effectiveness, "numerous clinical cause and effect studies have found no

---

[1] Using an asterisk, the label ties the phrase "Clinically Proven Effective" to a
statement that [t]he most recent evidence of the benefits of this formula comes from a
landmark NIH-sponsored study." (*See* Dkt. No. 19, Ex. B.) Costco notes that in this
study, a daily dose of 1500 mg glucosamine combined with 1200 mg chondroitin sulfate
– the amounts contained in Glucosamine Chondroitin – was found to provide statistically
significant relief to arthritis patients with moderate-to-severe pain.

causative link between MSM supplementation and joint renewal or rejuvenation or the relief of the two major symptoms of arthritis." (*Id.* ¶ 25.) Additionally, Padilla alleges that the Products are not an effective remedy for the symptoms of arthritis and other joint-related ailments. (*Id.* ¶ 5.) Symptoms of osteoarthritis, a degenerative joint tissue disease, include cartilage damage and limited motion. (*Id.* ¶ 1.) Padilla alleges that the Products promise relief for the two symptoms of osteoarthritis. (*Id.*)

In March 2011, after reading each side of the products label, Padilla purchased Glucosamine with MSM for approximately twenty-five dollars from a Costco in Chicago, Illinois. (*Id.* ¶ 17.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (*Twombly*). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged.
*Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

In Count I, Padilla alleges that Costco sold Kirkland products, specifically Glucosamine Chondroitin and Glucosamine with MSM, with product labels and/or packaging containing deceptive misrepresentations and omissions in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").[2] (Am. Compl. ¶¶ 43-55.)

The ICFA provides a cause of action for "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact." 815 ILCS 505/2. To state a claim under the ICFA, the plaintiff must allege: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002).

---

[2] Padilla incorrectly cites the ICFA statute as 815 Ill. Comp. Stat. 502/1. (Am. Compl. ¶ 44.)

Padilla fails to state an ICFA claim as to Glucosamine Chondroitin. To bring an ICFA claim, a plaintiff must either allege it was a consumer of the defendant or allege a nexus with Illinois consumers. *See Gold v. Golden G.T., LLC*, No. 05 C 228, 2005 WL 2465815, at *4 (N.D. Ill. Oct. 4, 2005). The ICFA defines "consumer" as "any person *who purchases or contracts for the purchase* of merchandise not for resale in the ordinary course of trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e) (emphasis added). Padilla concedes that he has not alleged that he *purchased* Glucosamine Chondroitin. Therefore, Padilla has not sustained any actual damage.

In response, Padilla argues that whether he is "entitled to represent purchasers of Glucosamine Chondroitin does not turn on Plaintiffs' standing to sue Costco . . . but rather, on whether, under Rule 23(a), his claims are common and typical of purchasers of all of Costco's Products." (Resp. at 5.) Padilla's reliance upon *Payton v. County of Kane*, 308 F.3d 673 (7th Cir. 2002) (*Payton*), is not persuasive. In *Payton*, the plaintiffs raised a challenge to the facial constitutionality of an Illinois state law that permitted counties to impose a bail fee above and beyond the set bail amount. *Id.* at 675. The named plaintiffs had individual claims against only two of the nineteen defendant counties. *Id.* The Court of Appeals allowed the named plaintiffs to sue all nineteen defendants, reasoning that "the constitutionality of a bond fee (whether it is $1 or $45) should not differ from one county to the next, when such fee is imposed pursuant to the same statute." *Id.* at 679-80.

Importantly, in *Payton*, the Seventh Circuit cautioned:

5

> This is not a case where the named plaintiff is trying to
> piggy-back on the injuries of the unnamed class members.
> That, of course, would be impermissible, in light of the fact
> that a named plaintiff cannot acquire standing to sue by
> bringing his action on behalf of others who suffered injury
> which would have afforded them standing had they been
> named plaintiffs; it bears repeating that a person cannot
> predicate standing on injury which he does not share.
> Standing cannot be acquired through the back door of a
> class action.

*Id.* at 682 (internal citation and quotation omitted).

In this case, by contrast, Padilla's ICFA misrepresentation claim relates to two different products that have different product formulations and labels, one of which he never purchased. Padilla cannot use the class-action device to "predicate standing on injury which he does not share" with respect to Glucosamine Chondroitin. Therefore, Costco's Motion to Dismiss is granted without prejudice with respect to Padilla's ICFA claim that is based on the Glucosamine Chondroitin product.

As to Padilla's ICFA claim based on Glucosamine with MSM, Padilla also fails to plausibly allege that he has suffered actual damages from taking Glucosamine with MSM. Padilla alleges only that: "Defendant misrepresented and deceptively concealed, suppressed and/or omitted the material information known to Defendant as set forth above concerning its Kirkland Glucosamine products which has caused damage and injury to Plaintiff and the class." (Am. Compl. ¶ 51.) Padilla fails to include any allegations that the product did not work for him. Therefore, Padilla's ICFA claim as to Glucosamine with MSM also fails.

In addition, Costco argues that it fails to satisfy Federal Rule of Civil Procedure 9(b). The parties agree that Padilla's ICFA claim, because it is based on fraud, is subject to the heightened-pleading requirement of Rule 9(b). *See Pirelli Armstrong Tire Corp.*

*Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011)

(explaining that although Rule 8 governs ICFA claims premised on "an unfair practice,"

Rule 9(b) applies to ICFA claims based on fraudulent activity). "Under the heightened

federal pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff

'alleging fraud . . . must state with particularity the circumstances constituting fraud.'"

*Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (citing *Borsellino v.*

*Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007)). Rule 9(b)

"particularity" means "the who, what, when, where, and how: the first paragraph of any

newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Padilla alleges only "numerous clinical studies" have shown that the Products are

not efficacious and that "scientific evidence" shows that the "Products do not work."

Costco argues that these allegations fail to satisfy Rule 9(b) because they do not allege

*how* Costco's representations were fraudulent. Padilla responds that it is not required to

identify, discuss, or attach studies that he refers to in the Amended Complaint.

But because Padilla is subject to Rule 9(b), some level of detail of the fraud

beyond what he has pled is required. Padilla fails to allege "how" Costco's product

labels were fraudulent. Padilla repeatedly alleges that "numerous" clinical studies do not

show that Kirkland Glucosamine products help "*joint renewal and rejuvenation.*"

However, Padilla does not allege that the Glucosamine with MSM label contains

any references to "joint renewal or rejuvenation." Padilla fails to allege the precise

wording of Glucosamine with MSM's label but alleges that it is "similar" to the labeling

of Glucosamine Chondroitin, which states that it "nourishes joint and connective tissue"

and "supports joint cushioning." (Am. Compl. ¶ 2.) Padilla further alleges that

Glucosamine with MSM states, "noticeable improvement in flexibility and range of motion should be expected after taking this supplement as directed on a consistent basis." (*Id.* ¶ 3.) Thus, Padilla's fraud allegations fail to satisfy the level of particularity required by Rule 9(b). Costco's Motion to Dismiss is also granted without prejudice with respect to Padilla's ICFA claim that is based on the Glucosamine with MSM product.

## CONCLUSION

For the reasons set forth above, Costco's Motion to Dismiss is granted without prejudice. Padilla may file an Amended Complaint, if he can do so consistent with the requirements of Federal Rule of Civil Procedure 11, within thirty days of the date of this Order.

Date: June 21, 2012

JOHN W. DARRAH
United States District Court Judge