UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAY PADILLA, on behalf of himself and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>COSTCO WHOLESALE CORP., )<br><br>Defendant. ) | )<br>)<br>)<br>)<br>)<br>) Case No. 11 C 7686<br>)<br>) Judge John W. Darrah<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ray Padilla ("Padilla") filed a Second Amended Class Action Complaint against Costco Wholesale, Corp. ("Costco"), following this Court's ruling, granting Costco's Motion to Dismiss Padilla's Amended Complaint without prejudice. Padilla challenges the effectiveness of the dietary supplement glucosamine, which Costco sells in the Kirkland Signature™ Extra Strength Glucosamine HCL line of joint-health dietary supplements. Padilla's Second Amended Complaint alleges one count against Costco, a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2.

### BACKGROUND

The following facts are taken from Padilla's Second Amended Complaint and are accepted as true for purposes of resolving this Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Padilla is a resident of Cook County, Illinois. (Sec. Am. Compl. ¶ 20.) Costco is a Wisconsin corporation. (*Id.* ¶ 21.) This Court has federal jurisdiction pursuant to 28 U.S.C. § 1332. Costco distributes, markets, and sells the Kirkland Signature™ line of dietary supplements in stores and online. (*Id.* ¶¶ 22-23.) These Kirkland products include

Kirkland Signature™ Extra Strength Glucosamine HCL with MSM ("Glucosamine with MSM") and Kirkland Signature™ Extra Strength Glucosamine/Chondroitin Sulfate ("Glucosamine Chondroitin") (together, the "Products"). (*Id*. ¶ 19.) In March 2001, Padilla purchased a bottle of Glucosamine with MSM. (*Id*. ¶ 20.)

The Glucosamine with MSM label reads:

> Glucosamine and MSM is an effective supplement combination that helps support maximum flexibility, range of motion and joint lubrication. Together, this powerful duo promotes healthy cartilage and collagen development that support fluid joint movement.
>
> Glucosamine is a basic building block for cartilage, synovial fluid and other connective tissues, which are needed for healthy structure and function of joints.
>
> MSM (Methylsulfonylmethane), a bioavailable source of sulfur, is a necessary component that works in conjunction with Glucosamine to provide the building blocks of collagen, an important component of healthy joints and connective tissue. Clinical research shows that MSM increases Glucosamine's effectiveness.
>
> Noticeable improvement in flexibility and range of motion should be expected after taking this supplement as directed on a consistent basis.

(*Id*. ¶ 27.)

The Glucosamine Chondroitin label reads:

> How Glucosamine and Chondroitin Sulfate work:
>
> Glucosamine is a basic building block for cartilage, synovial fluid and other connective tissue. It is needed for healthy structure and function of joints for optimum mobility.
>
> Chondroitin Sulfate protects existing cartilage and serves as a building block for healthy new cartilage.

(*Id*.)

Padilla alleges that "there is no competent and reliable scientific evidence" that taking glucosamine, chondroitin sulfate, or MSM "results in the body metabolizing it into something that builds or nourishes cartilage or provides joint mobility or joint

cushioning." (*Id*. ¶¶ 24-26.) Padilla alleges that "clinical cause and effect studies have found that" glucosamine, chondroitin sulfate, and MSM are "not effective and do[] not provide [] joint health benefits." (*Id*.)

Padilla alleges that he was deceived by Costco's misrepresentations regarding the Products, and he would not have purchased Glucosamine with MSM had he known that Costco's representations were "false and misleading." (*Id*. ¶ 45.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id*. However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (*Twombly*). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Further, the amount of factual allegations required to state a plausible

claim for relief depends on the complexity of the legal theory alleged."

*Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

In Count I, Padilla alleges that Costco engaged in deceptive acts and practices in connection with the sale of the Products in Illinois in violation of the ICFA." (Sec. Am. Compl. ¶¶ 56-55.) Padilla alleges that Costco "misrepresented and deceptively concealed, suppressed and/or omitted the material information known to Defendant . . . concerning [the Products] which ha[ve] caused damage and injury to Plaintiff and the Class." (*Id*. ¶ 51.)

The ICFA provides a cause of action for "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact." 815 ILCS 505/2. To state a claim under the ICFA, the plaintiff must allege: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002).

In this Court's previous ruling, the Court held that Padilla failed to state an ICFA claim as to Glucosamine Chondroitin because Padilla did not actually *purchase* Glucosamine Chondroitin. *See Padilla v. Costco Wholesale Corp.*, No. 11-cv-7686, 2012 WL 2397012, at *2 (N.D. Ill. June 21, 2012) (*Padilla*). Padilla's Second Amended Complaint suffers the same defect. Padilla continues to pursue claims on behalf of himself and putative class members who purchased *either* Glucosamine with

4

MSM and/or Glucosamine Chondroitin, arguing that "he shares the same injury as those who purchased . . . Glucosamine Chondroitin." (Resp. at 6.)

As noted in this Court's previous ruling, to bring an ICFA claim, a plaintiff must either allege it was a consumer of the defendant or allege a nexus with Illinois consumers. *See Gold v. Golden G.T., LLC*, No. 05 C 228, 2005 WL 2465815, at *4 (N.D. Ill. Oct. 4, 2005). The ICFA defines "consumer" as "any person *who purchases or contracts for the purchase* of merchandise not for resale in the ordinary course of trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e) (emphasis added). Because Padilla did not *purchase* Glucosamine Chondroitin, Padilla has not sustained any actual damage.

In response, Padilla argues he has standing to represent "a class of consumers who bought two virtually identical products" and that "whether a plaintiff can represent purchasers of similar glucosamine products turns on Rule 23 considerations of typicality and adequacy." (Resp. at 6-7.) These arguments were previously considered and rejected in this Court's previous ruling. *See Padilla*, 2012 WL 2397012, at *2-3; *see also Pearson v. Target Corp.*, No. 11-cv-7972, Dkt. No. 56 (holding that plaintiff could not bring ICFA claim as to product he did not purchase). Accordingly, Padilla's ICFA claim as to Glucosamine Chondroitin is dismissed with prejudice.

As to Padilla's ICFA claim based on Glucosamine with MSM, Costco argues that the clinical studies cited by Padilla are insufficient to show that Glucosamine with MSM product representations are false or misleading. Specifically, Costco argues that Padilla fails to make any connections between the findings and conclusions of the cited studies and the representations actually appearing on the Glucosamine with MSM product label.

Indeed, none of the clinical studies Padilla cites assess the effectiveness of glucosamine *and* MSM. For example, Padilla alleges, "[i]ndependent studies published at least as early as 2004, have found that glucosamine and chondroitin, alone or in combination, are not effective in providing the represented joint-health benefits." (Sec. Am. Compl. ¶ 28.) The only reference to MSM is brief: "Scientific studies also confirm that MSM is ineffective." (*Id*. ¶ 40.)

Furthermore, Padilla cites clinical studies regarding the use of glucosamine and chondroitin in the treatment of osteoarthritis. (*See id*. ¶¶ 29-30, 33-35.) However, the Glucosamine with MSM product label does not claim to be effective for the treatment of osteoarthritis. Thus, clinical studies regarding the ineffectiveness of glucosamine or chondroitin in the treatment of osteoarthritis does not have any bearing on the truthfulness of the actual representations made on the Glucosamine with MSM product label.

Therefore, because Padilla has failed to make any connection between the clinical studies that he cites and the actual representations appearing on the Glucosamine with MSM product label, Padilla has failed to state an ICFA claim as to Glucosamine with MSM.

## CONCLUSION

For the reasons set forth above, Costco's Motion to Dismiss [40] is granted. Padilla's ICFA claim as to Glucosamine Chondroitin is dismissed with prejudice. Padilla's ICFA claim as to Glucosamine with MSM is dismissed without prejudice. Padilla may file a Third Amended Complaint, if he can do so consistent with the requirements of Federal Rule of Civil Procedure 11, within thirty days of the date of this Order.

Date: 1/16/13

JOHN W. DARRAH
United States District Court Judge